IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CURB RECORDS, INC., )
)
      Plaintiff, )
)
v. ) No. 3:13-cv-0399
) Chief Judge Haynes
SAMUEL T. MCGRAW, p/k/a )
TIM MCGRAW, )
MCGRAW MUSIC, LLC and )
BIG MACHINE RECORDS, LLC, )
)
      Defendants. )
)

# ORDER

Plaintiff, Curb Records, Inc., filed this action under 28 U.S.C. § 1338(a) the copyright jurisdiction statute and 28 U.S.C. § 1367, the supplemental jurisdiction statute against the Defendants: Samuel T. McGraw ("McGraw"), McGraw Music, LLC, and Big Machine Records, LLC ("Big Machine"). Plaintiff asserts claims for copyright infringement as well as state law claims for procurement of breach of contract and conversion.

Before the Court are Defendants McGraw's and McGraw Music, LLC's motion to dismiss (Docket Entry No. 7) and Defendant Big Machine's motion to dismiss (Docket Entry No. 10) to which Plaintiff has responded. In sum, the Defendants contend that the Rooker-Feldman doctrine, Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), bars this action because of the parties' prior state litigation in which the state trial and appellate court granted the Defendant McGraw temporary and permanent injunctive relief to allow Defendant McGraw to record for entities other than Curb Records. Curb Records, Inc. V. Samuel T. McGraw, No. M2011-02762-COA-R3-CV, 2012 WL 4377817, at *1

(Tenn. Ct. App. Sept. 25, 2012). Plaintiff responds that this action arises under the federal copyright laws and the state courts' decisions are not final on all issues and do not bar its claims.

Upon review of the complaint in this action, Plaintiff does invoke and assert claims under the Copyright Act. An action arises under the Copyright Act if: (1) "the complaint is for a remedy expressly granted by the Act, e.g., a suit for infringement or for the statutory royalties for record reproduction . . .;" or (2) "the complaint . . . asserts a claim requiring construction of the Act . . . ." Bassett v Mashantucket Pequot Tribe, 204 F.3d 343, 349 (2d Cir. 2000). Although Plaintiff's complaint alleges copyright infringement, approximately three-quarters of Plaintiff's federal complaint contains factual allegations about the Defendants' alleged breaches of contract and seeks injunctive relief that implicates the state courts' permanent injunction. Thus, the dominant aspect of Plaintiff's complaint in this action concerns breach of contract claims that are governed by state law and are before the state court.

For federal copyright claims, state contract law, rather than federal law, "determines the rights and obligations arising under a publishing contract that assigns a copyright." Yount v. Acuff Rose-Opryland, 103 F.3d 830, 835 (9th Cir. 1996); see also Roger Miller Music, Inc. v. Sony/ATV Publishing, LLC, 477 F.3d 383, 392 (6th. Cir. 2007) (quoting Yount, 103 F.3d at 835). The ongoing state court litigation involves Plaintiff's breach of contract claims that are asserted in this action. Moreover, the state court determined provisionally that Defendant McGraw owns certain rights to his recordings. The Tennessee state trial court ruled that,

> The Court concludes that the *Emotional Traffic* collection of recordings belong to Curb Records under the parties' contract. **The Court concludes that Curb Records did not make the requisite showing, in the context of its request for a temporary or permanent injunction, for this Court to declare that Mr. McGraw's other recordings, as of November 30, 2011 belong to Curb Records. Stated another**

> way, recordings made by Mr. McGraw as of November 30, 2011, except for the *Emotional Traffic* recordings, belong to Mr. McGraw at least to the extent that he many control the release and distribution of those records. Only recordings made by Mr. McGraw on December 1, 2011 and thereafter wholly belong to Mr. McGraw and/or any other company that he may elect to contract with for the release and distribution of those recordings.

Curb Records, 2012 WL 4377817, at *7 (quoting trial court) (emphasis added). The Tennessee Court of Appeals further found that,

> [w]ithout a preliminary determination by the trial court of a dividing line concerning the ownership of masters, the trial court would essentially have given Curb the ability to keep McGraw from moving forward with his recording career, a result that the court found inappropriate in denying Curb's request for injunctive relief

Id. Although there are some state court findings on ownership of recordings, the state courts' permanent injunction allowed Defendant McGraw to record for others. Yet, the state courts have not reached a final decision on the parties' contract dispute and ownership rights of Defendant McGraw's past recordings.

As a matter of comity to the state courts, and consistent with the Rooker-Feldman doctrine, this Court declines to address the merits of this action until copyright ownership issues are finally resolved by the state courts. Accordingly, this action is **ADMINISTRATIVELY CLOSED**, but may be reopened upon motion of any party after the state courts' final ruling on Plaintiff's breach of contract claims that control on the issue of the parties' copyright ownership rights.

It is so **ORDERED**.

**ENTERED** this the ____ day of August, 2013.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court